MEMORANDUM **
Plaintiff Becky McCormick (“McCormick”) appeals the adverse grant of summary judgment in her Federal Tort Claims Act medical malpractice action, arguing (1) genuine issues of material fact precluded summary judgment, and (2) the district court abused its discretion in denying her motion to compel disclosure of communications the United States asserts are privileged. Reciting the facts only as necessary, we affirm.
McCormick has presented insufficient evidence to support a claim for medical malpractice. Undisputed expert testimony establishes that Florence Morlock (“Morlock”) died because she “had taken an amount of medication in excess of that prescribed and which exceeded her tolerance.” According to that testimony, the cause of death was not Dr. Ochoa’s mismanagement of her medications. McCormick’s own expert deferred to this finding. There is therefore no evidence that Dr. Ochoa’s management of Morlock’s prescriptions was the proximate cause of her death.
McCormick has also failed to present evidence that Dr. Ochoa failed to exercise that degree of care that a prudent *531 health care provider would have exercised under similar circumstances. Doctors who cared for Morlock during hospitalizations shortly before her death, for example, discharged Morlock with instructions to continue taking her medications as previously prescribed, effectively ratifying Dr. Ochoa’s medical decisions. McCormick suggests that the testimony of her expert witness, Dr. Steven Wool, proves Dr. Ochoa’s negligence. But Dr. Wool stated only that “the better part of valor in this situation would have been ... [to] withdraw her from the drugs and ... start over again” because, although “there is no evidence” in her medical record that she was persistently confused and not lucid, he believed she might have been, and “you have to think about these things; that’s why we’re doctors.” An observation that it might have been “valorous” for Dr. Ochoa to have considered a state of affairs different from that documented in Mor-lock’s medical record cannot plausibly be interpreted as an opinion that Dr. Ochoa failed to exercise that degree of care expected of a reasonable health care provider.
Based on the evidence currently in the record, no “reasonable [jury] could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Schuylkill & Dauphin Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1871)). The government was therefore entitled to judgment as a matter of law.
We decline to address McCormick’s argument with respect to the motion to compel privileged communications. Aside from her unsupported assertion that the denial of the motion to compel was “a denial of due process of law” and “clearly [a] prejudicial error,” McCormick does not argue or explain how the document’s contents might affect the disposition of the motion for summary judgment.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.